UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GARY LA BARBERA, et al.,

       Plaintiffs,      MEMORANDUM AND ORDER

 -against-          CV 07-123 (LDW) (AKT)

SWEET HOLLOW MANAGEMENT CORP.,

       Defendant.
--------------------------------------------------------X

WEXLER, District Judge

  Plaintiffs, Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds (the "Funds"), bring this action against defendant Sweet Hollow Management Corp. ("SHM") to collect on a judgment obtained by plaintiffs in a prior action commenced in this Court on November 5, 2004 against Nassau Suffolk Sand and Stone Corp. ("Nassau Suffolk") to compel an audit of Nassau Suffolk's books and records pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145. See La Barbera v. Nassau Suffolk Sand & Stone, Inc., CV 04-4862. Plaintiffs obtained the judgment by default for unpaid and delinquent contributions (together with interest, liquidated damages and attorney's fees and costs) due the Funds. Plaintiffs allege that SHM, as successor to Nassau Suffolk, is responsible to satisfy the judgment. SHM moves to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. SHM also requests an award of attorney's fees. Plaintiffs oppose the motion.

  In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 (1957), that a complaint

should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. The "plausibility" language used by the Supreme Court in Bell Atlantic has not been interpreted by the Second Circuit to require a "universal standard of heightened fact pleading," but to require a complaint to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir. 2007) (emphasis in original). Further, courts have noted that while heightened factual pleading is not the new order of the day, Bell Atlantic holds that a " 'formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' " Williams v. Berkshire Fin. Group, Inc., 491 F. Supp.2d 320, 324 (E.D.N.Y. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1959).

In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving party. Watts v. Servs. for the Underserved, 2007 WL 1651852, *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing her

lawsuit.  See Brass v. Amer. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Watts, 2007 WL 1651852, *2.

As for SHM's contention that the complaint fails to state a claim, the Court disagrees.  To the contrary, the Court finds that plaintiffs allege facts sufficient to state a claim against SHM for liability on the judgment as successor of Nassau Suffolk.  Plaintiffs allege sufficient indicia of continuity between the two companies and notice to SHM of Nassau Suffolk's liability to support a claim of successor liability.  See, e.g., Stotter Div. of Graduate Plastics Co. v. Dist. 65, 991 F.2d 997, 1001-03 (2d Cir. 1993) (recognizing successor's liability for predecessor's delinquent pension contributions when successor has notice of liability and there is sufficient continuity of business operations); accord Upholsterers Int'l Union Pension Fund v. Artistic Furniture of Pontiac, 920 F.2d 1323, 1327 (7th Cir.1990).  The Court notes that the parties have submitted matter beyond those properly considered on this motion to dismiss.  For example, SHM submits a declaration of Gail Kourage, who purports to be the president and sole shareholder of SHM and who seeks to refute plaintiffs' claim of successor liability.  While such matter may be appropriate on a motion for summary judgment, the Court will not consider them on this motion to dismiss.

As for SHM's contention that the Court lacks subject matter jurisdiction, the Court again disagrees.  The Court clearly has subject matter jurisdiction under ERISA in both this action and the prior action to award and/or enforce a judgment for unpaid and delinquent contributions (together with interest, liquidated damages and attorney's fees and costs) found to be due under a collective bargaining agreement.  See 29 U.S.C. §§ 1132, 1145.

Given the denial of SHM's motion, its request for attorney's fees is denied.

Defendant's motion to dismiss is denied.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      January 7, 2008